APR 6 2026 PM1:12
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

HASANI JACKSON,

Plaintiff,

v.

CITY OF TAMPA; AMERICAN TRAFFIC SOLUTIONS; et al.,

Defendants.

Case No.: _8:26-CV-979-TPB-AEP_

## COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This civil rights action arises from a preventable and foreseeable catastrophic motor vehicle collision caused by Defendants' deliberate failure to ensure safe traffic engineering practices at a high-risk intersection in Tampa, Florida.

2. Rather than prioritizing public safety, Defendants implemented and maintained a red-light camera enforcement system that altered traffic conditions in a manner that increased the likelihood of sudden stops, unsafe clearance intervals, and high-speed cross-traffic collisions.

3. These actions were not accidental. They were systemic, revenue-driven, and carried out with deliberate indifference to the safety of motorists, including Plaintiff.

4. As a direct and proximate result, Plaintiff suffered severe, permanent, and life-altering spinal injuries requiring multiple surgeries and ongoing medical care.

### I. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

6. This action arises under the Constitution of the United States, including the Fourteenth Amendment.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.



## II. PARTIES

8. Plaintiff, Hasani Jackson, is a resident of Florida who suffered severe injuries as a result of Defendants' conduct.

9. Defendant, City of Tampa, is a municipal entity responsible for roadway design, traffic signal operation, and enforcement policies.

10. Defendant, American Traffic Solutions (ATS), is a private entity contracted to implement and operate red-light camera systems.

## III. FACTUAL ALLEGATIONS

11. The subject intersection, including South Westshore Boulevard and West Gandy Boulevard, is a high-traffic corridor known for dangerous crossing patterns and high-speed vehicle movement.

12. Despite this known risk profile, Defendants implemented automated enforcement without ensuring compliance with accepted traffic engineering standards.

13. Specifically, Defendants failed to properly account for real-world vehicle speeds, including 85th percentile speed data, when determining yellow light timing intervals.

14. As a result, drivers were provided insufficient time to safely clear intersections, increasing the likelihood of abrupt braking or unintended entry into intersections during signal transitions.

15. Defendants further failed to conduct independent safety studies prior to or during implementation of the system.

16. Instead, Defendants relied on incomplete, self-reported, or financially biased data that did not accurately reflect roadway safety conditions.

17. These systemic failures created a dangerous environment where high-impact "T-bone" collisions were not only foreseeable, but inevitable.

18. Defendants knew or should have known that these conditions posed a substantial risk of serious bodily injury.

19. Nevertheless, Defendants continued operation of the system due to significant financial incentives tied to citation revenue.

## IV. INJURIES AND DAMAGES

20. As a direct result of Defendants' conduct, Plaintiff was involved in a violent collision causing severe trauma to his cervical spine.

21. Plaintiff required hospitalization and underwent multiple surgical procedures, including C5-C6 spinal fusion and additional corrective procedures.

22. Plaintiff continues to suffer from chronic pain, neurological impairment, and reduced mobility.

23. Plaintiff faces the likelihood of future surgical intervention and long-term medical treatment.

24. These injuries have caused substantial medical expenses, loss of earning capacity, and significant pain and suffering.

25. Plaintiff has also suffered mental anguish and a diminished quality of life.

**V. CLAIM FOR RELIEF (42 U.S.C. § 1983)**

26. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Fourteenth Amendment.

27. Defendants' conduct was arbitrary, fundamentally unfair, and not rationally related to legitimate governmental safety objectives.

28. Defendants acted with deliberate indifference to known and obvious risks of harm.

**VI. PRAYER FOR RELIEF**

Plaintiff requests:

a. Compensatory damages in excess of $100,000;

b. Costs and attorney's fees pursuant to 42 U.S.C. § 1988;

c. Declaratory relief;

d. Injunctive relief;

e. Any further relief the Court deems just and proper;

**VII. JURY DEMAND**

Plaintiff demands trial by jury.

Date: 4/6/26

Hasani Jackson

Pro Se

ishani2@yahoo.com