**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HASANI JACKSON,

     Plaintiff,

v.                                                      Case No. 8:26-cv-979-TPB-AEP

CITY OF TAMPA and AMERICAN
TRAFFIC SOLUTIONS, INC.,

     Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTIONS**
**FOR SUMMARY JUDGMENT**

This matter is before the Court on "City of Tampa's Motion to Dismiss Plaintiff's Second Amended Complaint," filed on May 15, 2026, and "Defendant, American Traffic Solutions, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint," filed on May 18, 2026.  (Docs. 12; 13).  Plaintiff responded in opposition to both motions. (Docs. 15; 16).  After reviewing the motions, responses, court file, and record, the Court finds as follows:

Plaintiff Hasani Jackson brings a civil rights lawsuit, alleging a Fourteenth Amendment violation, against Defendants City of Tampa and American Traffic Solutions, Inc.  The crux of Plaintiff's Fourteenth Amendment claim is that Defendants implemented a traffic light system that created a dangerous condition and caused him physical injury.

Defendants moved to dismiss based on several grounds, including the statute of limitations and res judicata.  It appeared from the filings that the accident that the complaint is based on occurred on January 15, 2012 – more than fourteen years before this action was filed.  It also appeared that Plaintiff previously filed and dismissed with prejudice a 2018 lawsuit arising from the same operative facts and asserting similar theories pertaining to the traffic light system.

The Court therefore converted the motions to dismiss to motions for summary judgment, and it provided Plaintiff and Defendants the opportunity to file supplemental briefing.  (Doc. 17).  On June 23, 2026, ATS filed a motion for summary judgment.  (Doc. 18).  On June 26, 2026, the City of Tampa filed a redacted crash report.  (Doc. 19).

On July 10, 2026, Plaintiff filed a consolidated response in opposition.  (Doc. 20). This response – which totals 61 pages – well exceeds the page limitations set forth in the Local Rules.  *See* Local Rule 3.01(c) (reflecting that a response in opposition should be no longer than 20 pages).  Although the Court would typically strike the filing, in light of Plaintiff's *pro se* status, and in light of the briefing submitted by the parties, the Court will instead address the merits of this case rather than resolve the case on technicalities.

## Analysis

Plaintiff's complaint is a personal injury action in which he alleges that he sustained bodily injuries in a motor vehicle accident caused by a red-light camera system that he claims was negligently designed and implemented by ATS and

operated by the City. Plaintiff requests typical personal injury damages, along with medical expenses, loss of earning capacity, and emotional distress.

Defendants moved to dismiss on several grounds, including the statute of limitations and res judicata. The Court converted the motions to dismiss into motions for summary judgment. As part of its additional briefing, ATS filed its motion for summary judgment. Plaintiff opposes the entry of summary judgment, citing to "genuine disputes concerning the historical engineering record, the governmental actions underlying Defendants' factual assertions, the reliability and completeness of the documentary evidence upon which Defendants rely, and the factual predicates necessary for application of the legal authorities cited in support of summary judgment."

The facts concerning the statute of limitations and res judicata are undisputed, and based on these undisputed facts, the Court finds that Defendants are entitled to summary judgment.

### *Statute of Limitations*

In the instant case, Plaintiff brings claims against ATS and the City pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment. Section 1983 claims arising in Florida, including claims alleging violations of the Fourteenth Amendment, are subject to Florida's four-year statute of limitations for negligence claims. *See* § 95.11(3), *F.S.* (establishing four-year statute of limitation period for personal injury and negligence claims)*; Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."); *City of Hialeah, Fla. v. Rojas*, 311 F.3d

1096, 1102 n.2 (11th Cir. 2002) ( "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years").

The undisputed facts – now a part of this record – establish that the accident forming the basis of this lawsuit occurred on *January 15, 2012*. [1]  The limitations period therefore expired years before Plaintiff filed the instant action.  As a result, Plaintiff's claims are time-barred, and Defendants are entitled to summary judgment.

### Res Judicata

In addition to the statute of limitations, Plaintiff's claims are also barred by res judicata.  Res judicata includes both claim preclusion and issue preclusion.  *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856 (11th Cir. 2018).  "Claim preclusion 'forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  *Id*. (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).  "Issue preclusion, in contrast, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'"  *Id*. (quoting *Taylor*, 553 U.S. at 892).  These doctrines work together to "protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'"  *Id*. (quoting *Taylor*, 553 U.S. at 892).

---

[1] Plaintiff has admitted in his response in opposition that the accident in the complaint occurred on January 15, 2012.  But Plaintiff does not address application of the statute of limitations in his response in opposition.

"To invoke res judicata. . . a party must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life and Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002)). The Eleventh Circuit "has recognized that res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* (citing *Trustmark*, 29 F.3d at 1270 n.3).

Plaintiff previously filed a case on February 28, 2018, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida against the City and the Florida Department of Transportation based on this same accident, alleging that the defective red-light system created a dangerous condition and/or caused his car accident. *See Jackson v. Fla. Dept. of Transp.*, No. 18-CA-001861 (Fla. 13th Jud. Cir. 2018). The circuit court is a court of competent jurisdiction. Plaintiff filed a notice of voluntary dismissal with prejudice, which operates as an adjudication on the merits for res judicata purposes.[2] *See Norfolk Southern Corp. v. Chevron, U.S.A., Inc.,* 371 F.3d 1285, 1290-91 (11th Cir. 2004); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *W&W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.*, 35 So.3d 79, 83 (Fla. 4th DCA 2010). The City was one of the defendants in the

---

[2] In 2018, the City filed a motion to dismiss the state lawsuit because it was untimely on its face and failed to state a claim for relief. Plaintiff did not file a response to the motion, but he ultimately filed a notice of voluntary dismissal with prejudice when pending motions – including a motion for sanctions – were set to be heard.

2018 lawsuit, and ATS stands in privity with the City as ATS acted through a contract with the City to design, implement, and operate the red-light camera system. And finally, this lawsuit and the 2018 lawsuit arise from the same operative nucleus of fact – the January 15, 2012, car accident and the red-light camera system.

Plaintiff's argument that the instant case presents new claims not previously litigated therefore does not defeat res judicata. Even if Plaintiff did not assert § 1983 claims in the prior lawsuit, that is not required for the application of res judicata, which bars not only the precise legal theory raised in the prior action but also all legal theories and claims that could have been raised from the same facts. *See Seminole Tribe*, 757 F. App'x at 856-57; *TVPX ARS*, 959 F.3d at 1325; *Pearce v. Sandler*, 219 So.3d 961, 965 (Fla. 3d DCA 2017). And he cannot create any genuine issues of material fact by claiming that he now has new evidence concerning the red-light camera system that he did not have before. As a result, Plaintiff's claims are barred, and Defendants are entitled to summary judgment.

### Other Arguments

Because the Court finds that Plaintiff's claims are barred by the statute of limitations and res judicata, it does not consider the City's other arguments concerning Plaintiff's failure to state a claim, or ATS's other arguments concerning whether it is a state actor for section 1983 purposes or whether Plaintiff can establish a constitutional violation.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants' motions to dismiss (Docs. 12; 13), which were converted into motions for summary judgment, and "Defendant, American Traffic Solutions, Inc.'s Motion for Summary Judgment and Memorandum of Law" (Doc. 18) are **GRANTED**.

(2)  The Clerk is directed to enter judgment in favor of Defendants City of Tampa and American Traffic Solutions, Inc., and against Plaintiff Hasani Jackson.

(3) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE